IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIAMI VALLEY FAIR HOUSING
CENTER, INC.,

    Plaintiff,

v.

JO ELLEN & LYSLE LINDLOFF,

    Defendants.

:
:
:
:

Case No. 3:16-cv-66

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO
DISMISS DEFENDANTS' COUNTERCLAIM (DOC. #8); DISMISSING
COUNTERCLAIM WITHOUT PREJUDICE

---

In this suit, Plaintiff Miami Valley Fair Housing Center, Inc., alleges that Jo Ellen and Lysle Lindloff have violated federal and state fair housing laws, by engaging in disability discrimination and by retaliating against Plaintiff by bringing a baseless claim against it in a related state court action.

According to the Complaint, one of Plaintiff's "testers" called Defendants about an advertised rental property. When no one answered, the tester left a voice mail message and, when Mrs. Lindloff returned the call, the tester recorded the conversation. The tester explained that her husband was disabled and had an 80-pound dog as a service animal. When asked if this would be a problem, Mrs. Lindloff allegedly checked with her husband, and then told the tester that they would not make an exception to their "no pets" policy. Doc. #1, PageID##2-3.

Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission, who filed a lawsuit against Defendants in the Preble County Court of Common Pleas. Defendants named Plaintiff as a third party in that suit, and then asserted a counterclaim against it, based on an alleged violation of Ohio Revised Code § 2933.52. Although that counterclaim was dismissed as part of a settlement in the state court action, Defendants have re-asserted it here.

Defendants allege a violation of Ohio Revised Code § 2933.52(A)(1), which generally prohibits the interception of "wire, oral, or electronic communication." Defendants allege that Plaintiff violated this statute when one of its testers recorded the telephone conversation with Mrs. Lindloff. The tester did not disclose her true identity, nor did she tell Mrs. Lindloff that the conversation was being recorded.

Plaintiff argues that the counterclaim is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), because a statutory exception set forth in Ohio Revised Code § 2933.52(B)(4) allows a non-law enforcement person, who is a party to the conversation, to intercept a communication "if the communication is not intercepted for the purpose of committing a criminal offense or tortious act."

Here, the counterclaim alleges that the phone conversation was recorded "with the express purpose of *inducing Defendant* to commit a tortious act." Doc. #7, PageID#25 (emphasis added). Plaintiff denies that the conversation was recorded for this purpose but argues that, even if it were, Defendants have failed to state a claim upon which relief can be granted. The plain language of the


statute does not prohibit recording a conversation for the purpose of *inducing someone else* to commit a tortious act.

Citing *McDonald v. Burton*, 2d Dist. No. 24274, 2011-Ohio-6178, 2011 Ohio App. LEXIS 5067 (Dec. 2, 2011), Plaintiff also argues that using the recording to develop proof for a cause of action in a fair housing case does not violate the statute. In addition, Plaintiff argues that Defendants' counterclaim should not be allowed to proceed, because it is retaliatory.[1]

Defendants failed to file any response to Plaintiffs' Motion to Dismiss within the time allotted by the local rules, and failed to seek any extension of the deadline. They did file a memorandum in opposition on May 5, 2016, Doc. #16, but it was more than two weeks late. In its reply, Doc. #17, Plaintiff urges the Court to strike Defendants' memorandum on this basis.[2] Typically, the Court does not strike untimely briefs from the record, but does refuse to consider the arguments presented therein. However, in the interest of fairness, this Court will consider Defendants' memorandum.

---

[1] Whether the filing of the counterclaim was, in fact, retaliatory is not an issue that can be decided on a motion to dismiss. Accordingly, the Court does not address it at this time.

[2] Defendants then filed a document entitled "Rebuttal to Miami Valley Fair Housing Center, Inc.' Reply." Doc. #18. On May 27, 2016, this document was stricken from the record because Defendants failed to seek leave of Court to file a sur-reply, as required by S.D. Ohio Civ. R. 7.2(a)(2). Although the Court invited Defendants to file a motion seeking leave, no motion has been filed. Accordingly, the Court will not consider Defendants' "Rebuttal."

Defendants argue only that, based on the allegations in the Complaint, it is *possible* that Plaintiff's tester intended to entrap Defendants into committing a tortious act, and recorded the phone conversation to accomplish that purpose, rendering the statutory exception set forth in Ohio Revised Code § 2933.52(B)(4) inapplicable. However, even viewing the allegations in the counterclaim in the light most favorable to the non-moving party, the Court finds that the counterclaim, as pled, does not state a violation of Ohio Revised Code § 2233.52. As Plaintiff points out, even if Defendants' factual allegations are true, the plain language of the statute does not prohibit recording a conversation for the purpose of *inducing someone else* to commit a tortious act. Therefore, not only is Defendants' Memorandum Contra to Plaintiff's Motion to Dismiss untimely, but it also lacks merit.

As such, the Court SUSTAINS Plaintiff's Motion to Dismiss, Doc. #8, and DISMISSES the counterclaim WITHOUT PREJUDICE to renewal, upon leave of Court, if discovery discloses information that would, subject to the dictates of Federal Rule of Civil Procedure 11 and the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), justify such a filing.

Date: June 16, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE